No. 100,084

STATE OF KANSAS, *Appellee*, v. WALTER G. SPOTTS, *Appellant.*

(206 P.3d510)

Opinion filed May 1, 2009.

*Rachel L. Pickering*, of Kansas Appellate Defender Office, was on the brief for appellant.

*David E. Yoder*, county attorney, and *Stephen N. Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Walter G. Spotts was sentenced under K.S.A. 2006 Supp. 21-4643 after he pled no contest to two counts of rape for engaging in sexual intercourse with a 12-year-old girl in violation of K.S.A. 21-3502(a)(2), with each count an off-grid person felony. See K.S.A. 21-3502(c). On the first count, he was sentenced to life imprisonment without the possibility of parole for 620 months (51 years, 8 months). On the second count, he was sentenced to life imprisonment without the possibility of parole for 300 months (25 years). The district court ordered the sentences to run consecutively.

On appeal, Spotts makes two arguments. First, he challenges his sentences as cruel or unusual punishment under § 9 of the Kansas Constitution Bill of Rights. Second, he claims the district court abused its discretion in denying his motion for downward durational departures under K.S.A. 2006 Supp. 21-4643(d). We reject both arguments and affirm his sentences.

*Factual and Procedural Background*

Spotts initially was charged with three counts of rape, three counts of indecent liberties with a child, and one count of aggravated sodomy after he admitted to engaging in sexual intercourse on multiple occasions with a 12-year-old girl. Ultimately, Spotts pled no contest to two counts of rape in violation of K.S.A. 21-3502(a)(2), sexual intercourse with a child under the age of 14. Each crime constitutes an off-grid person felony.

In his sentencing proceedings, Spotts filed a motion seeking downward durational departure sentences, which were authorized under K.S.A. 2006 Supp. 21-4643(d). Spotts argued his case presented substantial and compelling reasons for departure based on the following mitigating circumstances: (1) no prior sexually motivated convictions; (2) he took responsibility for his actions and showed deep remorse for what happened; (3) the no contest plea saved the victim from having to testify at trial; (4) the sexual acts were not committed by force or threat of force; and (5) Spotts was taking an antidepressant and prescription sleep aid when the offenses occurred and "just wasn't thinking right." Spotts also noted he would serve a considerably long sentence even if the durational departures were granted.

The State opposed the motion. In doing so, the State noted: (1) Spotts had a substantial criminal history with numerous prior person felony convictions, all of which resulted in a severity level A criminal history score; (2) Spotts was on felony parole when he committed the offenses; (3) Spotts understood the victim was 12 years old and repeatedly engaged in sexual intercourse with her; and (4) the medications Spotts was taking were for anger control, stress, and to aid with sleep.

The district court denied the motion for downward durational departures and found none of the asserted mitigating circumstances justified departures. Spotts was sentenced to life imprisonment without the possibility of parole for 620 months (51 years, 8 months) for the first offense and life imprisonment without the possibility of parole for 300 months (25 years) for the second offense, with lifetime postrelease supervision for both convictions. The sentences were ordered to run consecutively.

Spotts made a timely appeal. This court's jurisdiction is under K.S.A. 22-3601(b)(10) (off-grid crime; life sentence).

## Cruel or Unusual Punishment

Spotts challenges the life sentences that were imposed under K.S.A. 2006 Supp. 21-4643(a)(1). Spotts claims his sentences constitute cruel or unusual punishment under § 9 of the Kansas Constitution Bill of Rights. But in making the argument, Spotts concedes he did not raise this issue with the district court. This failure presents Spotts with an insurmountable obstacle because two recent decisions by this court already determined a defendant may not argue this issue for the first time on appeal. *State v. Thomas*, 288 Kan. 157, Syl. ¶ 1, 199 P.3d 1265 (2009); *State v. Ortega-Cadelan*, 287 Kan. 157, Syl. ¶ 2, 194 P.3d 1195 (2008).

As explained in those decisions, when a defendant fails to argue a constitutional challenge at the district court level, but later tries to make the argument at the appellate level, the defendant runs counter to the long-standing general rule that constitutional issues cannot be asserted for the first time on appeal. *Ortega-Cadelan*, 287 Kan. at 159 (citing *State v. Gaudina*, 284 Kan. 354, 372, 160 P.3d 854 [2007]). For an appellate court to proceed under these circumstances, it is necessary for the party raising the constitutional issue to satisfy one of three recognized exceptions to the general rule, which are: (1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court is right for the wrong reason. *Pierce v. Board of County Commissioners*, 200 Kan. 74, 80-81, 434 P.2d 858 (1967).

In *Ortega-Cadelan*, this court reviewed fully the applicability those *Pierce* exceptions have in the context of a challenge under § 9 of the Kansas Constitution Bill of Rights to a defendant's life sentence imposed under K.S.A. 2006 Supp. 21-4643(a)(1) when that challenge is raised for the first time on appeal. In that case, the court determined the issue was too fact intensive to be considered for the first time on appeal. The court noted that whether a

life sentence under K.S.A. 2006 Supp. 21-4643(a)(1) was cruel or unusual punishment must be analyzed using the three-prong test set out in *State v. Freeman,* 223 Kan. 362, 367, 574 P.2d 950 (1978). *Ortega-Cadelan,* 287 Kan. at 160-61. Those considerations are:

"(1) The nature of the offense and the character of the offender should be examined with particular regard to the degree of danger present to society; relevant to this inquiry are the facts of the crime, the violent or nonviolent nature of the offense, the extent of culpability for the injury resulting, and the penological purposes of the prescribed punishment;

"(2) A comparison of the punishment with punishments imposed in this jurisdiction for more serious offenses, and if among them are found more serious crimes punished less severely than the offense in question the challenged penalty is to that extent suspect; and

"(3) A comparison of the penalty with punishments in other jurisdictions for the same offense." *Freeman,* 223 Kan. at 367.

In reviewing those factors, the *Ortega-Cadelan* court determined that a *Freeman* analysis necessarily intertwines both factual and legal questions, and further noted that no single legal consideration under *Freeman* controls the outcome. *Ortega-Cadelan,* 287 Kan. at 161. Accordingly, the *Ortega-Cadelan* court determined that it needs a record developed at the district court level to address the factual aspects embedded within the *Freeman* analysis in order for a defendant to properly bring a challenge to his or her life sentence under K.S.A. 2006 Supp. 21-4643(a)(1) as cruel or unusual punishment under § 9 of the Kansas Constitution Bill of Rights. *Ortega-Cadelan,* 287 Kan. at 161. A short time thereafter, this court in *Thomas* followed *Ortega-Cadelan* and reiterated that the intermingling of these factual and legal questions makes development of a record at the district court level critical because appellate courts do not make factual findings. *Thomas,* 288 Kan. at 161 (citing *In re Adoption of A.A.T.,* 287 Kan. 590, 599, 196 P.3d 1180 [2008]).

This appeal by Spotts brings to us the same arguments already addressed in *Ortega-Cadelan* and *Thomas.* Since Spotts raises his cruel or unusual punishment argument for the first time on appeal, this court has no factual findings upon which to base an analysis of his arguments. His claim that his life sentences under K.S.A. 2006

Supp. 21-4643(a)(1) constitute a cruel or unusual punishment is not properly before this court.

## Downward Durational Departure Motion

Spotts next argues the district court erred by denying his request for downward durational departure sentences. We disagree.

Under the statute in effect when the offenses were charged, a first-time offender who is 18 years or older and convicted of committing rape of a child under the age of 14 must be sentenced to a mandatory lifetime sentence with a minimum of not less than 25 years "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2006 Supp. 21-4643(d). If the sentencing judge departs from the mandatory minimum term, the departure sentence "shall be the sentence pursuant to the sentencing guidelines act, . . . and no sentence of a mandatory minimum term of imprisonment shall be imposed." K.S.A. 2006 Supp. 21-4643(d).

The statute specifies a nonexclusive list of mitigating factors the judge may consider in determining whether substantial and compelling reasons for departure exist: (1) The defendant has no significant criminal history; (2) the crime was committed while the defendant was under the influence of extreme mental or emotional disturbances; (3) the victim was an accomplice, and the defendant's participation was relatively minor; (4) the defendant acted under extreme distress or substantial domination of another person; (5) the defendant's capacity to appreciate the criminality of his or her conduct or conform such conduct to the requirements of the law was substantially impaired; and (6) the defendant's age at the time of the crime. K.S.A. 2006 Supp. 21-4643(d)(1)-(6).

Spotts argues that the issue as to whether a district court erred by denying a downward durational departure under K.S.A. 2006 Supp. 21-4643(d) is a question of law involving statutory interpretation. Accordingly, Spotts contends our standard of review is unlimited. But this court has already determined that an abuse of discretion standard applies when an appellate court reviews a district court's determination as to whether mitigating circumstances presented under K.S.A. 2006 Supp. 21-4643 are substantial and

compelling. See *Thomas*, 288 Kan. at 164; *Ortega-Cadelan*, 287 Kan. at 165. Spotts' argument here is rejected. This court will continue to apply an abuse of discretion standard in these cases. Judicial discretion is abused "when no reasonable person would take the view adopted by the district judge. [Citation omitted.]" *State v. Engelhardt*, 280 Kan. 113, 144, 119 P.3d 1148 (2005).

Spotts argues his case presents substantial and compelling reasons for departure based on the following mitigating circumstances: (1) no prior sexually motivated convictions; (2) he took responsibility for his actions and showed deep remorse for what happened; (3) the no contest plea saved the victim from having to testify at trial; (4) the sexual acts were not committed by force or threat of force; and (5) Spotts was taking an antidepressant and prescription sleep aid when the offenses occurred and "just wasn't thinking right." Spotts also contends he would serve a considerably long sentence even if the durational departures were granted.

But the State argues the district court was justified in denying departure because: (1) Spotts had a substantial criminal history with numerous prior person felony convictions, all of which resulted in a severity level A criminal history score; (2) Spotts was on felony parole at the time of the offenses; (3) Spotts understood the victim was 12 years old and repeatedly engaged in sexual intercourse with her; and (4) the medications Spotts was taking were for anger control, stress, and to aid with sleep.

This court has determined the statutory language dealing with departure sentences is clear and unambiguous. *Ortega-Cadelan*, 287 Kan. at 164. The statute plainly provides that a judge is required to impose a life sentence "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2006 Supp. 21-4643(d). The statute establishes a two-step procedure. First, the judge reviews mitigating circumstances. Second, the judge determines if there are substantial and compelling reasons for a departure. *Ortega-Cadelan*, 287 Kan. at 164.

The sentencing transcript in this case shows the district court heard and reviewed the mitigating circumstances offered by the defendant and the arguments against the downward departures

made by the State. The district court then explained why the mitigating circumstances listed by the defendant did not justify a finding of substantial and compelling reasons to impose downward departures. Reasonable people could agree with the district court's assessment.

The district court did not abuse its discretion by denying Spotts' motion for downward durational departure sentences.

Affirmed.