No. 105,988

STATE OF KANSAS, *Appellee*, v. AARON ISREAL SALINAS, *Appellant*.

(280 P.3d 221)

Opinion filed July 13, 2012.

*Shawn E. Minihan,* of Kansas Appellate Defender Office, was on the brief for appellant.

*Keith E. Schroeder,* district attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: This appeal raises the single issue of whether the district court abused its discretion in denying Aaron Isreal Salinas' motion to depart from the hard 25 life sentence provided for in Jessica's Law, K.S.A. 21-4643, for his conviction of aggravated criminal sodomy with a child less than 14 years of age. We conclude the district court did not abuse its discretion because reasonable people would agree with the district court's determination that the mitigating factors presented by Salinas were not substantial and compelling in light of the circumstances of the case, which included the fact the victim was a 6-year-old autistic child who had been in the defendant's care at the time of the crime, expert testimony supported the conclusion that the defendant was likely to reoffend, and there was evidence of factors that supported the conclusion that the defendant was not amenable to rehabilitation.

## Facts and Procedural Background

After Salinas pleaded guilty to one count of aggravated criminal sodomy involving oral contact with a child less than 14 years of age, K.S.A. 21-3506(a)(1), Salinas filed a motion to depart from the life sentence provided for in Jessica's Law, K.S.A. 21-4643(a)(1)(D). In support of his motion, Salinas stated five reasons for departure:

"(1) That a non-prison or shorter sanction will serve community safety interests by promoting offender reformation more than incarceration.

"(2) That the offender, because of his mental impairment, lacked substantial capacity for judgment when the offense was committed. . . .

"(3) Since this crime was committed on September 20, 2008, the defendant has had no arrests or police contact and his Criminal History reflects that he has no convictions or adjudications and is a criminal history I.

"(4) That the defendant had just turned 18 years old on August 2, when this offense was committed [on September 20, 2008].

"(5) That Mr. Salinas has admitted to the crime charged, acknowledges that his behavior was wrong and is amenable to sex offender treatment and can enter in a treatment program."

At the sentencing hearing, Salinas called two witnesses—Salinas' mother and psychologist Dr. Jarrod Steffan—to present evidence in support of these mitigating factors.

Salinas' mother testified that Salinas had been physically and emotionally abused by his stepfather and sexually abused by his male cousins when he was 5 to 8 years of age. She also testified that Salinas had been diagnosed as having attention deficit hyperactivity disorder (ADHD) and depression when he was 12 years old. After Salinas dropped out of school in the eighth grade, he moved to Oklahoma at age 16; at that point he stopped taking medications for ADHD and depression because he no longer had medical insurance. During this time, Salinas became addicted to illegal drugs. Salinas' mother testified that he sold drugs to finance his drug habit.

The second witness, Dr. Steffan, testified to the results of a psychological evaluation he had performed at the request of defense counsel. Steffan opined that Salinas' intellectual function was in "a range that's above what would be seen in persons with mental retardation, but certainly below the majority of the general population." He reached this opinion, in part, because Salinas displayed

"rather concrete and simplistic thinking about the world and himself." In addition, Steffan determined that Salinas had limited reasoning abilities, judgment, and vocabulary. Further, Salinas lacked emotional maturity and had a limited ability "to look at possible consequences of his behaviors and behaviors of other persons and foresee or appreciate those consequences." Steffan also testified that Salinas still had symptoms of ADHD.

When asked to express an opinion regarding whether Salinas was a pedophile, Steffan noted that the acts that led to Salinas' conviction presented the only evidence of behavior, fantasies, or urges that would meet the diagnostic criteria for pedophilia. Nevertheless, Steffan reported that Salinas was at a medium to high risk of reoffending or recidivism. Steffan listed several factors that led him to this conclusion, including: Salinas' scores on the Static 99 actuarial instrument for predicting recidivism, Salinas' young age, Salinas' lack of a long-term cohabitating romantic relationship, the fact that the victim was unrelated to Salinas, the fact that Salinas did not know the victim prior to the incident, and the fact the victim was male. Finally, Steffan opined that Salinas would be amenable to treatment because he had indicated a willingness to be treated, had admitted responsibility for the crime, was young, was a first-time offender, and had never had sexual offender treatment or substance rehabilitation.

Relying on this evidence, defense counsel summarized the mitigating circumstances that supported granting the request for departure, noting: Salinas had just turned 18 years of age when he committed the offense; he had a history of being sexually abused; he had not had a steady male figure in his childhood; he had not completed eighth grade; he had limited mental and emotional maturity; and he had no prior convictions, adjudications, arrests, or problems with the law. Additionally, defense counsel noted there were treatment options and, according to the psychologist, Salinas was amenable to treatment.

The State countered that Salinas only admitted to the oral offense and not the anal offense, despite strong evidence against him. Further, the State pointed to Steffan's testimony regarding the me-

dium to high risk of reoffending. This meant, the State argued, Salinas posed a danger to the public.

The district court denied Salinas' motion for departure, stating:

"On the departure issue the court is required to find the reasons are legally sufficient and there are substantial and compelling reasons to support that finding. Certainly the reasons given were legally sufficient as per the statute. The court cannot find there is evidence rising to a substantial and compelling reason to depart. The court certainly recognizes it is a harsh sentence."

The district court then considered Salinas' argument that a life sentence would be cruel or unusual punishment. Even though that issue is not raised on appeal, some discussion of the court's findings is relevant because the district court addressed factual issues that overlapped with the motion for departure. Looking at the facts—Salinas committed aggravated criminal sodomy with a 6-year-old autistic child who was unrelated to him and with whom Salinas had had very minimal prior contact—the court determined that the offense was "severe." The court also considered the psychological findings—that Salinas has limited judgment, does not foresee consequences, and has an extensive prior history of drug use—and determined that these factors were not conducive towards rehabilitation. Further, the court acknowledged the classification of Salinas' risk of reoffending as moderate to high.

After denying Salinas' motions, the district court sentenced Salinas to a term of life imprisonment without possibility of parole for 25 years under Jessica's Law, K.S.A. 21-4643(a)(1).

Salinas appeals the district court's denial of his departure motion. This court has jurisdiction under K.S.A. 22-3601(b)(1) (maximum sentence of life imprisonment imposed; appeal docketed prior to July 1, 2011).

ANALYSIS

Under Jessica's Law, a first-time offender who is over the age of 18 and convicted of aggravated criminal sodomy "shall" be sentenced to life imprisonment with a minimum imprisonment of not less than 25 years "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 21-4643(a)(1)(D), (d). If the judge de-

parts, "the judge shall state on the record at the time of the sentencing the substantial and compelling reasons for the departure." K.S.A. 21-4643(d). The statute provides a nonexclusive list of six mitigating circumstances the judge may consider when determining whether substantial and compelling reasons for departure exist. K.S.A. 21-4643(d)(1)-(6). Four of these circumstances potentially apply to Salinas' arguments: (1) the defendant has no significant criminal history; (2) the crime was committed while the defendant was under the influence of extreme mental or emotional disturbances; (3) the defendant's capacity to appreciate the criminality of his or her conduct or conform such conduct to the requirements of the law was substantially impaired; and (4) the defendant's age at the time of the crime. K.S.A. 21-4643(d)(1), (2), (5), (6).

When applying these or other factors to determine whether a departure motion should be granted, "[a] district court judge first reviews the mitigating circumstances, and then determines whether substantial and compelling reasons warrant a departure." *State v. Plotner*, 290 Kan. 774, 780, 235 P.3d 417 (2010); accord *State v. Harsh*, 293 Kan. 585, 586, 265 P.3d 1161 (2011); see *State v. Spotts*, 288 Kan. 650, 655, 206 P.3d 510 (2009). This court has defined the term " 'substantial' as 'something that is real, not imagined; something with substance and not ephemeral,' while the term ' "compelling" implies that the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary.' " *State v. Seward*, 289 Kan. 715, 722, 217 P.3d 443 (2009) (quoting *State v. McKay*, 271 Kan. 725, 728, 26 P.3d 58 [2001]).

The review of factors is not a mathematical exercise; "sentencing courts do not simply add together the total number of mitigating circumstances and then contrast them with the total number of aggravating circumstances." *State v. Ballard*, 289 Kan. 1000, 1009, 218 P.3d 432 (2009). "Nor is each mitigating factor required to sufficiently justify a departure by itself, so long as the collective factors constitute a substantial and compelling basis for departure." *Harsh*, 293 Kan. at 587 (citing *State v. Spencer*, 291 Kan. 796, 815, 248 P.3d 256 [2011]).

On appeal, an appellate court applies an abuse of discretion standard to determine if a district court erred in denying a motion for departure. *State v. Mondragon*, 289 Kan. 1158, 1160, 220 P.3d 369 (2009) (citing *Spotts*, 288 Kan. at 654-55); see *Harsh*, 293 Kan. at 585-86; *Spencer*, 291 Kan. at 807.

"Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012) (citing *State v. Gonzalez*, 290 Kan. 747, 755-56, 234 P.3d 1 [2010]).

The second and third prongs of this abuse of discretion standard do not apply to our review of the district court's decision in this case. This is true even though the district court did not engage in a weighing of the mitigating and aggravating circumstances on the record. The Jessica's Law statute does not require a district court to state the reasons a departure motion is denied; the statute only requires a court to state on the record the substantial and compelling reasons for departure. See K.S.A. 21-4643(d); see also *Harsh*, 293 Kan. at 587 (" 'Specificity by the district court judge when making his or her determination is not statutorily required,' unless the court decides a departure is warranted."); *State v. Mendoza*, 292 Kan. 933, 935-36, 258 P.3d 383 (2011) (upholding denial of departure where district court did not expressly consider mitigating factors on the record, because it was difficult for appellate court to conclude that no reasonable person would take view adopted by district court).

Without the second or third prongs of the abuse of discretion standard at issue, Salinas argues on appeal that the district court abused its discretion because no reasonable person would have sentenced him to life in prison given that (1) he had just turned 18 years old at the time of the offense; (2) he had suffered emotional, physical, and sexual abuse as a young boy; (3) he had been diagnosed with depression and ADHD; (4) he had limited emo-

tional and intellectual abilities; and (5) Steffan believed he was amenable to treatment.

Salinas' assertion that no reasonable person would have agreed with the district court is belied by several recent cases in which this court has upheld a district court's denial of a departure motion based on grounds similar to those asserted by Salinas. See, *e.g.*, *State v. Roberts*, 293 Kan. 1093, 1098, 272 P.3d 24 (2012) (upholding denial of departure motion despite defendant's lack of criminal history and diminished mental capacity and maturity); *Harsh*, 293 Kan. at 587-88 (holding district court did not abuse its discretion in denying departure when defendant accepted responsibility for his actions and pleaded guilty); *State v. Whorton*, 292 Kan. 472, 475-76, 254 P.3d 1268 (2011) (finding district court considered mitigating factor of defendant's criminal history score of I and upholding departure denial); *Plotner*, 290 Kan. at 780-81 (upholding district court's decision to deny departure motion despite defendant's claims he took responsibility for his actions, showed deep remorse, had no significant criminal record, and was relatively young at time crimes were committed); *State v. Reyna*, 290 Kan. 666, 689-90, 234 P.3d 761, cert. denied 131 S. Ct. 532 (2010) (upholding district court's determination that even though there was no evidence of pedophilia and a lack of criminal history, none of mitigating factors justified departure); *Seward*, 289 Kan. at 721-22 (affirming district court's denial of departure despite defendant's lack of prior felony convictions, his own sexual victimization as a child, his low intelligence, and his status as a high school dropout); *Spotts*, 288 Kan. at 655-56 (finding district court did not abuse its discretion in denying departure where defendant had no prior sexually motivated convictions, took responsibility for his actions and showed remorse, and was taking antidepressants and sleep aids when the offenses occurred).

Likewise, in this case reasonable people would agree with the district court's decision to deny the departure. Even though there were mitigating factors to be weighed, there were significant offsetting aggravating factors. As the district court noted, this was a severe offense involving a 6-year-old autistic child with whom Salinas had had minimal prior contact and who, at the time of the

offense, was in Salinas' care. Second, Steffan graded Salinas' risk of recidivism as moderate to high. Consequently, as the State noted, he presents a risk to the public. Further, even though Steffan opined that Salinas was amenable to rehabilitation, there was substantial competent evidence of factors that, in the district court's judgment, were not conducive to rehabilitation. These included Salinas' limited judgment, inability to foresee consequences, and prior drug use. Reasonable people could agree with the district court's resolution of the conflicting evidence regarding Salinas' amenability to treatment and with the district court's overall determination that the mitigating circumstances cited by Salinas were not substantial and compelling reasons to depart from the hard 25 sentence under Jessica's Law. Therefore, the district court did not abuse its discretion in denying Salinas' departure motion.

Affirmed.