IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,985

STATE OF KANSAS,
*Appellee*,

v.

CHRISTIAN J. MCCORMICK,
*Appellant*.

SYLLABUS BY THE COURT

1.

Evidence of the condition and appearance of a teenage girl who was not the victim of the charged rape was relevant and admissible in this prosecution for rape and unlawful hosting of minors consuming alcohol.

2.

The defendant's sentence must be vacated and his case remanded for resentencing, when the district judge explicitly stated that he relied on an aggravating factor in deciding whether to depart to the sentencing guidelines grid from a life sentence with a 25-year mandatory minimum under Jessica's Law.

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 10, 2014. Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Opinion filed September 9, 2016. Judgment of the Court of Appeals affirming the district court is affirmed in part and reversed in part. Judgment of the district court is affirmed in part and reversed in part. Convictions affirmed, sentence vacated, and case remanded for resentencing.

1

*Christina M. Kerls*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Kerwin L. Spencer*, county attorney, argued the cause, and *Matthew B. Metcalf*, deputy county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Defendant Christian J. McCormick appeals from his jury convictions for rape and unlawful hosting of minors consuming alcohol.

McCormick asserts three errors on petition for review from the Court of Appeals decision affirming the district court's judgment: (1) the district judge violated his right to a fair trial by admitting evidence concerning the condition and appearance of a teenage girl who was not the victim of the charged rape; (2) the district judge erred in considering an aggravating factor when deciding whether to depart from Jessica's Law; and (3) the district judge abused his discretion by denying McCormick's motion for downward dispositional and durational departure.

We reject McCormick's first claim of error and affirm his convictions. We vacate his sentence and remand to the district court for resentencing because of the judge's statement that an aggravating factor "trumped" mitigators advanced by McCormick. Given our decision to remand, we do not reach McCormick's third claim of error.

FACTUAL AND PROCEDURAL BACKGROUND

This case arose out of a small January 2012 gathering in McCormick's basement. Nineteen-year-old McCormick was joined by 19-year-old Seth LeClair and two 13-year-

old girls, B.P. and K.C. B.P. and K.C. had given the boys money to purchase alcohol for them to drink at McCormick's house that evening.

Everyone present drank multiple shots of vodka. B.P. would later testify that she remembered only that she then lay down on a chair and fell asleep. K.C. would testify that she remembered dancing after drinking. Neither girl remembered any sexual activity with McCormick or LeClair.

While B.P. and K.C. were at McCormick's, K.C.'s father called a friend of K.C., M. Z., looking for his daughter. M.Z. learned through another friend that K.C. had gone to McCormick's house, and M.Z. and her mother drove over. After overcoming initial resistance from McCormick, M.Z. made her way to the basement and saw both B.P. and K.C.

B.P. woke up when M.Z. entered the room, but M.Z. could not rouse K.C. because of K.C.'s intoxication. With help from McCormick and LeClair, M.Z. carried K.C. upstairs, and K.C. was taken to the hospital.

When B.P. awakened, she was not wearing her pants. She got dressed and went home. B.P.'s mother noticed B.P.'s intoxication and contacted police. A responding officer spoke with B.P. and recommended that she go to the hospital to undergo a rape examination. B.P. followed the officer's recommendation.

The sexual assault nurse examiner who examined B.P. would later testify that she gathered biological evidence, including a swab of B.P.'s labia. A biologist at the Kansas Bureau of Investigation (KBI) would later testify about testing the biological material in this case, including a buccal swab from McCormick and the swab from B.P.'s labia. McCormick's DNA matched DNA found on B.P.'s labia.

3

Based on what the officer had learned from B.P., he went to McCormick's home. McCormick agreed to go to the police station with the officer. The officer read McCormick his *Miranda* rights, and McCormick agreed to talk to him. McCormick admitted that he had given the girls' money to LeClair's brother so that LeClair's brother could purchase alcohol. He also admitted that he had had sexual intercourse with B.P.

The State charged McCormick with rape and unlawful hosting of minors consuming alcohol.

At McCormick's trial, M.Z. testified about K.C.'s condition and appearance when she found her at McCormick's house:

"Q: Can you describe how [K.C.] appeared?

"A: She didn't have any pants on.

"Q: Okay. When you say she didn't have any pants on, can you tell us what you mean?

"A: She was naked from the waist down.

"Q: Okay. So she didn't have anything on at all?

"A: Huh uh.

"Q: Were you able to see her vagina?

"A: If you stood in front of her, yes.

"Q: Okay. Could you describe how she was positioned on the floor?

4

"A: She was sitting on her side up against the couch and her head just kind of slouched over.

"Q: She was sitting on her side?

"A: Um huh.

"Q: Were you able to wake [K.C.]?

"A: No."

At this point, defense counsel objected to the relevance of evidence about K.C.'s condition and appearance because she was "not the alleged victim in this case." The district judge determined the evidence was relevant to the "general scene down in the basement" and overruled the objection.

McCormick did not present any evidence, and the jury convicted him on both counts.

Before sentencing, McCormick moved for a downward durational departure to the sentencing guidelines grid from life in prison with a mandatory 25-year minimum under Jessica's Law, K.S.A. 2012 Supp. 21-6627. He argued that mitigating circumstances established substantial and compelling reasons warranting the departure, specifically, (1) he had no criminal history; (2) B.P. had willingly participated in consuming alcohol and had provided money for the alcohol, which contributed to the offense; (3) he also had consumed a significant amount of alcohol, which affected his capacity to appreciate the criminality of his conduct; and (4) he was young at the time of the crime. McCormick also sought a further downward departure—from the midpoint of the grid sentence range to half that amount of prison time.

The State agreed that the district judge should depart from the Jessica's Law life sentence to the grid. It made no recommendation on the number of months of imprisonment.

The district judge discussed the mitigating factors advanced by McCormick but emphasized, "The problem is there's an aggravating factor here," B.P.'s extreme intoxication during the sexual intercourse. The judge said that the intoxication had been proved by B.P.'s credible testimony about the amount of alcohol she consumed and her lack of memory of the sexual activity. While acknowledging that McCormick's sentencing presented a "close case" and remarking that such a case was "probably why you don't have to prove consent with 13 year olds," the judge ultimately concluded:

> "[E]ven though there are some substantial mitigating factors, I think it's just trumped by the . . . evidence that this particular [13-year-old] was severely inebriated to the point where she couldn't . . . give consent. So I haven't heard anything that makes me think I should go ahead and . . . find substantial and compelling reasons for departure . . . ."

McCormick thus received a Jessica's Law life sentence for the rape and a concurrent one-year sentence in county jail for unlawful hosting of the gathering in his basement.

The Court of Appeals affirmed. *State v. McCormick*, No. 109,985, 2014 WL 5312882 (Kan. App. 2014) (unpublished opinion).

## DISCUSSION

We take up the first two of McCormick's appellate issues in the order he raised them in his Court of Appeals brief and his petition for review.

6

*Relevance of Evidence on K.C.'s Condition and Appearance*

McCormick argues on appeal that the district judge erred in allowing the jury to consider evidence that K.C. was found naked from the waist down with her vagina exposed. He contends that the evidence was both irrelevant and more prejudicial than probative.

McCormick's first problem on this issue is that his trial objection questioned only relevance and not the prejudicial impact of this evidence. He argues that *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009), supports his view that this court should treat the district judge's act of weighing prejudice and probative value as inherent in the evaluation of relevance.

*Wells* is not helpful to McCormick. It dealt with the steps a district judge must follow to evaluate the propriety of admitting evidence of a criminal defendant's prior bad acts, not the type of evidence we are considering here; and, if anything, it demonstrated that relevance and prejudice are separate considerations. 289 Kan. at 1226-27. Thus we conclude that McCormick's appellate argument on prejudice is unpreserved by a proper, timely objection and we will not consider it. See K.S.A. 60-404; *State v. Gaona*, 293 Kan. 930, 954, 270 P.3d 1165 (2012) (party must make specific contemporaneous objection to admission of testimony to preserve issue for appeal).

Our standard of review on McCormick's relevance challenge is set out in *State v. Coones*, 301 Kan. 64, 77-78, 339 P.3d 375 (2014):

> "Relevant evidence is that which has 'any tendency in reason to prove any material fact.' K.S.A. 60-401(b).

"Relevance has two elements: probative value and materiality. *State v. Marks*, 297 Kan. 131, 142, 298 P.3d 1102 (2013). Evidence is probative if it furnishes, establishes, or contributes toward proof. Probativity is reviewed for abuse of discretion. Evidence is material if it tends to establish a fact that is at issue and is significant under the substantive law of the case. Materiality is reviewed de novo. 297 Kan. at 142."

In *State v. Flynn*, 274 Kan. 473, 496, 55 P.3d 324 (2002), this court discussed whether evidence is relevant and admissible:

"Relevancy is more a matter of logic and experience than of law. Evidence is relevant if it renders the desired inference more probable than it would be without the evidence, or if it has any tendency in reason to prove any material fact. *State v. Sexton*, 256 Kan. 344, 349, 886 P.2d 811 (1994)."

McCormick argues that the evidence about K.C.'s condition and appearance would not help the jury decide whether McCormick had sexual intercourse with B.P. We are highly skeptical of that argument, but, even if we assume its merit, it is vital to remember that the alleged rape of B.P. was not the only charge McCormick's jury was considering. The jury also would need to decide whether McCormick had unlawfully hosted minors consuming alcohol, and the district judge could have admitted the evidence as probative and material on that charge as well. M.Z.'s evidence that K.C. was found naked from the waist down with her vagina exposed was highly relevant to her intoxication. Logic and experience tell us that a sober female teenager would not ordinarily allow herself to be seen in such a state by anyone who happened to enter the basement. This evidence tended to establish a fact that was at issue and was significant under the substantive law of the case. *Coones*, 301 Kan. at 78. It was therefore relevant, and the district judge did not err in admitting it.

8

*Consideration of Aggravating Factor on Departure from Jessica's Law*

McCormick next argues that the district judge erred by considering an aggravating factor when he was determining whether to grant McCormick's motion for a downward departure.

This issue requires us to interpret K.S.A. 2012 Supp. 21-6627(d)(1). Statutory interpretation raises a question of law over which this court has unlimited review. *State v. Holt*, 298 Kan. 469, 474, 313 P.3d 826 (2013).

K.S.A. 2012 Supp. 21-6627(d)(1) provides that "for a first time conviction of an offense listed in subsection (a)(1), the sentencing judge shall impose the mandatory minimum term of imprisonment provided by subsection (a), *unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure.*" (Emphasis added.) McCormick suggests that the emphasized language means a district judge is forbidden from considering aggravating factors.

This court's recent decision in *State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015), is dispositive of this issue. In *Jolly*, we considered K.S.A. 21-4643(d), the predecessor of K.S.A. 2012 Supp. 21-6627(d)(1) (statute recodified). We said:

> "Indeed, the language of the statute is straightforward: '[T]he sentencing judge shall impose the mandatory minimum term of imprisonment . . . unless the judge finds substantial and compelling reasons, *following a review of mitigating circumstances*, to impose a departure.' (Emphasis added.) K.S.A. 21-4643(d). The statute makes no provision for the weighing of aggravating circumstances against the mitigating circumstances to determine if a departure should be imposed. In this way, the statute is unique[,] as other sentencing statutes consider both mitigating and aggravating factors. See K.S.A. 21-4716(c)(1) and (c)(2) (nonexclusive list of aggravating and mitigating

9

factors to consider when considering departure from presumptive sentence under Kansas Sentencing Guidelines Act [KSGA]); see also . . . K.S.A. 21-4624(c) [sentencing for capital crimes]; K.S.A. 21-4625 (listing aggravating circumstances); K.S.A. 21-4626 (listing mitigating circumstances).

"In *State v. Spencer*, 291 Kan. 796, 809, 248 P.3d 256 (2011), we discussed the differences in these sentencing statutes when compared to K.S.A. 21-4643(d) and explained why a Jessica's Law departure does not involve a balancing of mitigating and aggravating factors:

"'On structure, no balance between mitigators and aggravators such as that implied in K.S.A. 21-4716 or explicitly provided for in K.S.A. 21-4624(e) or K.S.A. 21-4635(b)-(d) is necessary when Jessica's Law is the starting point. The only way for Jessica's Law to operate is to intensify, if not lengthen, a sentence. It makes 25 years a mandatory minimum, unless certain mitigators justify a departure. Simply put, there is nowhere to go but to a less-intense place.'

"We are aware that both before and after our decision in *Spencer*, our cases have discussed the weighing of aggravating factors in Jessica's Law cases. See, *e.g.*, *State v. Remmert*, 298 Kan. 621, 630, 316 P.3d 154 (2014) (court considers mitigating circumstances and then weighs against any aggravating circumstances); *State v. Seward*, 289 Kan. 715, 722, 217 P.3d 443 (2009) (district judge reviewed mitigating and aggravating factors advanced, engaging in appropriate weighing of competing considerations). However, we now clarify that the plain language of K.S.A. 21-4643(d), which makes no reference to 'aggravating circumstances' or aggravating factors, instructs the sentencing court to conduct a review of the mitigating circumstances without balancing them against the aggravating ones.

"Accordingly, we disapprove of any language in our caselaw that would indicate aggravating circumstances can be weighed against mitigating circumstances when considering a departure in a Jessica's Law sentencing. See, *e.g.*, *Remmert*, 298 Kan. at 630 (district court considers mitigating circumstances and then weighs against any

10

aggravating circumstances); *State v. Florentin*, 297 Kan. 594, 598, 303 P.3d 263 (2013) (district court reviews mitigating circumstances and then weighs those circumstances against norm defined by legislature and any aggravating circumstances); *State v. Salinas*, 294 Kan. 743, 749, 280 P.3d 221 (2012) (even though there were mitigating factors to be weighed, there were significant offsetting aggravating factors); *State v. Baptist*, 294 Kan. 728, 734, 280 P.3d 210 (2012) (district court does not simply add together total number of mitigating circumstances and then contrast them with total number of aggravating circumstances); *State v. Roberts*, 293 Kan. 1093, 1098, 272 P.3d 24 (2012) (district court complied with its duty to review both mitigating and aggravating circumstances); *Seward*, 289 Kan. at 722 (district judge orally reviewed mitigating and aggravating factors advanced, engaging in appropriate weighing of competing considerations).

> . . . .

> ". . . The sentencing judge is to consider information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed, including the manner or way in which an offender carried out the crime. This includes those 'circumstances inherent in the crime and the prescribed sentence.' See *Florentin*, 297 Kan. at 598. Provided the sentence imposed is within the statutory limits, '"[i]t is the sentencing judge alone who determines the appropriate sentence to be imposed or other disposition of the case by exercising his or her best judgment, common sense, and judicial discretion after considering all of the reports, the defendant's background, *the facts of the case*, and the public safety."' (Emphasis added.) *State v. Frecks*, 294 Kan. 738, 742, 280 P.3d 217 (2012) (quoting *State v. Vanderveen*, 259 Kan. 836, 842, 915 P.2d 57 [1996])." *Jolly*, 301 Kan. at 321-24.

The State argues before us that *Jolly* permits us to affirm McCormick's sentence because it specifically noted that a district judge could consider the manner in which a crime is committed and the "'circumstances inherent in the crime.'" 301 Kan. at 324. McCormick counters that the only aspects of a crime that may be considered under K.S.A. 2012 Supp. 21-6627(d)(1) are the strict legal elements.

11

The State has the better half of this argument. The manner in which a crime is committed and the circumstances inherent in the crime are not inevitably limited to the strict legal elements of the offense. But where, as here, the district judge explicitly referred to the piece of evidence that persuaded him as an "aggravating factor," we cannot be wholly confident that the statutory command not to conduct weighing of aggravators and mitigators was followed. As we said in *Jolly*, the sentencing judge may consider the manner in which a crime is committed and the circumstances inherent in the crime, as well as whether mitigators that are substantial and compelling justify a departure from Jessica's Law. But the judge may not weigh aggravators and mitigators. That is exactly what the judge himself said he was doing in this case.

Because the transcript of McCormick's sentencing compels us to conclude that the district judge applied the wrong legal standard, we vacate McCormick's sentence and remand for resentencing on both of his convictions.

CONCLUSION

For the reasons discussed above, we affirm defendant Christian J. McCormick's convictions. We vacate his sentence and remand to the district court for resentencing.

\* \* \*

STEGALL, J., dissenting:  I cannot agree with the statutory gloss put on K.S.A. 2012 Supp. 21-6627(d)(1) by this court in *State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015). Therefore, I dissent from the portion of today's decision that relies on that gloss to vacate Christian J. McCormick's sentence.

12

The Jessica's Law sentencing statute applicable here simply provides: "[T]he sentencing judge shall impose the mandatory minimum term of imprisonment . . . unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2012 Supp. 21-6627(d)(1). We acknowledged in *State v. Spencer*, 291 Kan. 796, 809, 248 P.3d 256 (2011), that

> "no balance between mitigators and aggravators . . . is necessary when Jessica's Law is the starting point. The only way for Jessica's Law to operate is to intensify, if not lengthen, a sentence. It makes 25 years [imprisonment] a mandatory minimum, unless certain mitigators justify a departure. Simply put, there is nowhere to go but to a less-intense place."

The *Jolly* court expanded on this plain language and common sense reading of the statutory language and interpreted it as an instruction to "the sentencing court to conduct a review of the mitigating circumstances without balancing them against the aggravating ones." 301 Kan. at 322. And in today's decision, this instruction-from-silence evolves further into a "statutory *command* not to conduct weighing of aggravators and mitigators." (Emphasis added.) Slip op. at 12.

Our caselaw is replete with recitations of the rule of statutory interpretation that absent an ambiguity, the plain meaning of the words chosen by the legislature will control and courts will not add words to the law. See *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016); *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016); *State v. Keel,* 302 Kan. 560, 572, 357 P.3d 251 (2015); *State v. Reese,* 300 Kan. 650, 653, 333 P.3d 149 (2014); *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014); *State v. King*, 297 Kan. 955, 971-72, 305 P.3d 641 (2013); *State v. Brown,* 295 Kan. 181, Syl. ¶ 5, 284 P.3d 977 (2012); *State v. Coman,* 294 Kan. 84, 92, 273 P.3d 701 (2012); *State v. Fredrick*, 292 Kan. 169, 174-75, 251 P.3d 48 (2011); *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010); *State v. Ortega-Cadelan*, 287 Kan. 157, 164, 194 P.3d 1195 (2008);

*State v. Gumfory*, 281 Kan. 1168, 1174, 135 P.3d 1191 (2006); *State v. Post*, 279 Kan. 664, 666, 112 P.3d 116 (2005); *State v. Harper*, 275 Kan. 888, 891, 69 P.3d 1105 (2003); *State v. Brown*, 272 Kan. 843, 846-47, 35 P.3d 910 (2001); *State v. Proffitt*, 261 Kan. 526, 532, 930 P.2d 1059 (1997). Today's decision and *Jolly*'s holding cannot be squared with this rule. The plain, unambiguous language of K.S.A. 2012 Supp. 21-6627(d)(1) merely tells the district court judge to determine whether substantial and compelling reasons exist to grant a downward departure after reviewing the mitigating circumstances. It does not command a weighing of aggravating and mitigating factors—but neither does it prohibit such a weighing. This court has read that "command" into the law with no textual support in the statutory scheme.

What could it mean for a district judge to determine whether substantial and compelling reasons exist to grant a departure if the judge is limited *solely* to a review of mitigating circumstances considered in a vacuum—with no contextual relationship to the specifics of the defendant or the crime? Such a review would be devoid of substantive content, and it would certainly not entail the "'"exercis[e] [of the district judge's] best judgment, common sense, and judicial discretion after considering all of the reports, the defendant's background, the facts of the case, and the public safety."'" *Jolly*, 301 Kan. at 323-24 (quoting *State v. Frecks*, 294 Kan. 738, 742, 280 P.3d 217 [2012]).

In fact, the majority clearly recognizes that the "command" not to consider aggravating circumstances ("considering" necessarily implies a "weighing" or "balancing") is in actuality just a command to the district court judge not to describe what he or she is doing—*viz.*, considering all of the circumstances—as "weighing." As the majority makes clear, the statutory scheme *permits* the district court judge to "consider the manner in which a crime is committed and the circumstances inherent in the crime" when deciding whether substantial and compelling reasons exist to grant a downward departure. Slip op. at 12.

14

I am at a loss to explain how the majority—consistent with common sense and an ordinary understanding of language—can permit with one hand what it has prohibited with the other. Indeed, we are vacating a valid sentence simply because the district judge did what we and the statute have said should be done—he considered both the mitigating factors and the circumstances of the crime and found that substantial and compelling reasons for a downward departure did not exist. He simply used the "wrong" words to describe what he did.

It is worth emphasizing a second time that the district court's description was not prohibited by the plain language of the statutory scheme, but only by our judicially added requirements. Thus, we have elevated form over substance in a manner inconsistent with a basic and foundational principle. """The law of this state is realistic. Substance prevails over form.""" *Baska v. Scherzer*, 283 Kan. 750, 755, 156 P.3d 617 (2007) (quoting *Murray v. Modoc State Bank*, 181 Kan. 642, 647, 313 P.2d 304 [1957]). This kind of empty formalism ought to be avoided because it has a tendency to undermine confidence in the rule of law by unnecessarily providing ready examples to those who decry the "technicalities" of the law.

For these reasons, I dissent from the portion of today's decision vacating McCormick's sentence and remanding this matter for resentencing.

LUCKERT and ROSEN, JJ., join in the foregoing dissenting opinion.

15