NOT DESIGNATED FOR PUBLICATION

No. 116,680

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
GEORGE E. GILMORE.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; KATHLEEN M. LYNCH, judge. Opinion filed June 23, 2017. Affirmed.

*George E. Gilmore*, appellant pro se.

*Bryan C. Clark*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*:  George E. Gilmore, civilly confined in the sexual predator treatment program, contends that he should be released because the district court denied him due process during his 2016 annual review. He contends that he should have been represented by counsel, that service of process should have been made on his counsel, and that he was entitled to an evidentiary hearing. But Gilmore has not properly briefed these claims, so we do not reach their merits.

*Factual and procedural background*

George E. Gilmore was charged with indecent contact with a child in Iowa and was placed on diversion in 1986. In 1989, Gilmore sodomized a 7-year-old boy and was incarcerated. After serving his criminal sentence, Gilmore was admitted to the Sexual

1

Predator Treatment Program in 1999. Gilmore has reached phase three out of seven in his treatment program and was granted the highest possible privilege level for complying with his treatment program.

In 2016, mental health professionals performed an annual mental health examination on Gilmore and concluded that he was suffering from five mental health disorders including: Exhibitionistic Disorder, Fetishistic Disorder, Unspecified Paraphilic Disorder, Persistent Depressive Disorder, and Paranoid Personality Disorder. The mental health professionals that had examined Gilmore concluded that it would not be safe to place Gilmore in transitional release because of his mental health issues.

In July 2016, Gilmore was given notice of his annual right to petition for release from civil commitment. In August 2016, Gilmore acknowledged that he received notice of his right to petition for release and that he understood he had to initiate proceedings if he wished to petition for release.

In September 2016, the district court conducted its annual review to determine if Gilmore should remain in treatment for his mental health disorders. The district court noted that Gilmore had acknowledged his notice of his right to petition for release and that Gilmore had not initiated any proceedings to challenge his confinement. After reviewing Gilmore's annual mental health examination, the district court determined that Gilmore remained a sexually violent predator (SVP) and that his treatment should continue.

Gilmore contends that he was denied due process because he was not afforded a "proper annual review." He asserts that he should have been represented by counsel, that service of process should have been made on his counsel, and that he was entitled to an evidentiary hearing.

*Gilmore has failed to brief relevant issues*

The State argues that Gilmore's claims are not properly before this court because new issues cannot be raised for the first time on appeal. The State acknowledges that certain exceptions do allow issues to be raised for the first time on appeal but contends that Gilmore has failed to explain why an exception applies, in violation of Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34), and *State v. Godfrey*, 301 Kan. 1041, 350 P.3d 1068 (2015). We agree.

Generally, issues not raised before the trial court cannot be raised on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, Syl. ¶ 9, 266 P.3d 514 (2011). Exceptions to that general rule include the following: (1) The newly asserted claim involves only a question of law arising on provided or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court is right for the wrong reason. *State v. Spotts*, 288 Kan. 650, 652, 206 P.3d 510 (2009).

Gilmore did not initiate proceedings after he was given notice of his annual review or take any other action at the district court level to challenge his civil confinement. Therefore, Gilmore is raising constitutional and statutory violations for the first time on appeal. Gilmore is essentially arguing that he was denied due process because he was not afforded a "proper annual review." Gilmore asserts that he should have been represented by counsel, that service of process should have been made on his counsel, and that he was entitled to an evidentiary hearing. These claims may fall within the second exception because freedom from physical restraint is a core liberty interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See *Spotts*, 288 Kan. at 652; *cf. Kansas v. Hendricks*, 521 U.S. 346, 356-57, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997).

But Gilmore has not briefed why his claims are properly before this court for the first time on appeal, in violation of Supreme Court Rule 6.02(a)(5). If an issue was not raised below, "there must be an explanation why the issue is properly before [this court]." Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 35). The Kansas Supreme Court has held that this rule applies to constitutional claims and that it is to be strictly enforced. *Godfrey*, 301 Kan. at 1043-44. We do so here, finding that Gilmore should have briefed why his claims are properly before this court for the first time on appeal and that his failure to do so prevents us from reaching the merits of his claims.

*Gilmore has abandoned his claim for immediate release*

We further note that Gilmore has not briefed why the alleged constitutional violations warrant immediate release and has failed to provide any legal authority that authorizes this court to order Gilmore's immediate release. Therefore, Gilmore has abandoned the issue of immediate release. See *Cooke v. Gillespie*, 285 Kan. 748, 758, 176 P.3d 144 (2008); *In re Care & Treatment of Mellon*, No. 114,923, 2016 WL 5844593, at *3 (Kan. App. 2016) (unpublished opinion) (finding that SVP Mellon had abandoned the issue of immediate release by failing to brief that issue and by failing to cite any authority that empowered this court to release him).

*Gilmore's claims are not moot*

Lastly, we address the potential mootness of Gilmore's claims. In the State's appellate brief it agreed that an annual review hearing would be appropriate, although not legally required, and that it had requested an annual review hearing. Accordingly, we ordered the parties to provide an update regarding Gilmore's annual review hearing in the district court and to explain whether that hearing moots this appeal. The State timely responded. Gilmore did not.

4

The district court held a hearing on May 11, 2017, reviewed the State's motion, noted that Gilmore's next annual report is due in August 2017, and set the case for an annual review hearing on August 28, 2017. The district court's docket sheet attached to the State's response indicates that Gilmore will be appointed new counsel in order to provide "clarity" regarding Gilmore's 2016 annual review. The State anticipates that the district court will determine at the August 28 hearing whether probable cause exists to believe that Gilmore's mental abnormality or personality disorder has so changed that the he is safe to be placed in transitional release. But since Gilmore has not yet received the hearing to which he claims he is entitled, we find Gilmore's appeal is not moot.

*Conclusion*

Regardless of Gilmore's other procedural failures, had we reached the merits of Gilmore's claims, our conclusion would have been no different. Gilmore relies on various provisions from the rules of civil procedure to support his arguments, but the more specific procedures relating to the civil confinement of SVPs control here. See *State v. Turner*, 293 Kan. 1085, 1088, 272 P.3d 19 (2012) (noting the well-settled rule of statutory interpretation that a specific statute controls over a more general statute). The district court correctly followed the procedures as summarized in *Griffin* when it conducted Gilmore's 2016 annual review. See *Griffin v. Bruffett*, 53 Kan. App. 2d 589, 389 P.3d 992 (2017).

Affirmed.