No. 104,983

STATE OF KANSAS, *Appellee*, v. LESLIE HUGH ROBERTS, JR., *Appellant*.

(272 P.3d 24)

Opinion filed March 9, 2012.

*Ryan Eddinger*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Leslie Hugh Roberts, Jr., directly appeals his life sentence and lifetime postrelease supervision ordered under Jessica's Law for the rape of a child under 14 years of age. For the first time on appeal, he argues both aspects of his sentence violate his constitutional rights against cruel and unusual punishment. He also claims the district court abused its discretion by denying his motion to depart from the presumptive life sentence. We affirm because

the cruel and unusual punishment claim was not preserved and the district court did not abuse its discretion by denying the departure motion.

## Factual and Procedural Background

Roberts was charged with fifteen counts of rape in violation of K.S.A. 21-3502(a)(2) and fifteen counts of aggravated criminal sodomy in violation of K.S.A. 21-3506(a)(1) for crimes occurring between December 31, 2008, and October 25, 2009. The victim was between 12 and 13 years old, while Roberts was between 26 and 27 years old. This made the charges subject to a life sentence with a mandatory minimum of 25 years in prison under Jessica's Law, K.S.A. 21-4643(a).

The State and Roberts entered into a plea agreement that had Roberts pleading no contest to one count of rape and the State dismissing the remaining 29 charges. Based on Roberts' no contest plea, the district court found him guilty. Roberts filed a motion for a departure alleging seven mitigating circumstances: (1) He had no prior criminal history; (2) he was mentally immature and poorly educated; (3) the victim did "not appear to have any resulting trauma"; (4) the abuse lasted only a few months, as opposed to "over a long period of time"; (5) the victim approached Roberts, encouraged him to have sex with her, and the sexual intercourse was consensual; (6) Roberts was incarcerated since the time of his arrest; and (7) "[t]he degree of harm or loss attributed to the current crime . . . is significantly less than typical for such an offense."

The State opposed Roberts' departure motion. In addition, the victim's mother submitted a victim's impact statement and testified at the sentencing hearing. She disputed Roberts' claim that the victim had not suffered significant harm. She testified the victim was attending therapy and taking medication for depression. She also testified the crimes had a detrimental impact on her entire family.

It is unclear whether Roberts withdrew his claim that he was entitled to the departure because the victim suffered little harm based on the mother's impact statement. But at the sentencing hearing, Roberts' counsel acknowledged the mother had submitted

the statement disputing that claim and indicated Roberts was unaware of the mother's views at the time the motion was filed.

The district court denied Roberts' motion and sentenced him to a life sentence with a mandatory minimum of 25 years in prison along with lifetime "postrelease supervision." But see *State v. Cash*, 293 Kan. 326, Syl. ¶ 2, 263 P.3d 786 (2011).

When denying the departure motion, the district court acknowledged Roberts had no prior convictions, but held that the other factors did not support granting the departure motion. As to Roberts' lack of education and mental deficiencies, the court held they were insufficient to support a departure because the victim was 12 years old. And it held that contrary to Roberts' claims that the victim was unharmed, there was evidence the victim suffered and would continue to suffer while she attends therapy and takes medication. Finally, it stated that "the court finds that it's hard to believe that a 12-year-old is going to be making sexual advances on an adult that couldn't have been handled in a different way than the way it was in this particular case."

Roberts did not argue that any aspect of his sentence constituted a cruel or unusual punishment in his departure motion or during the sentencing hearing. But after the departure was denied and the court sentenced him to life in prison, his counsel stated he would probably appeal on those grounds. Roberts timely filed a notice of appeal. This court has jurisdiction under K.S.A. 22-3601(b)(1) (direct appeal for off-grid crime; life sentence).

## CRUEL AND UNUSUAL PUNISHMENT CLAIM

Roberts argues his life sentence with a mandatory minimum of 25 years in prison and mandatory lifetime postrelease supervision constitute cruel and unusual punishments in violation of the Eighth Amendment to the United States Constitution and Section 9 of the Kansas Constitution Bill of Rights. He admits he is raising these issues for the first time on appeal, but urges this court to remand to the district court for additional findings if this court is unwilling or unable to determine the issue for the first time on appeal. The State argues these issues were not preserved because they were not raised to the district court, citing *State v. Ortega-Cadelan*, 287

Kan. 157, 161, 194 P.3d 1195 (2008), and its progeny. The State is correct.

Three factors are considered when determining whether a sentence violates the constitutional prohibitions against a cruel and unusual punishment:

"(1) The nature of the offense and the character of the offender should be examined with particular regard to the degree of danger present to society; relevant to this inquiry are the facts of the crime, the violent or nonviolent nature of the offense, the extent of culpability for the injury resulting, and the penological purposes of the prescribed punishment;

"(2) A comparison of the punishment with punishment imposed in this jurisdiction for more serious offenses, and if among them are found more serious crimes punished less severely than the offense in question the challenged penalty is to that extent suspect; and

"(3) A comparison of the penalty with punishments in other jurisdictions for the same offense." *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978).

This court has repeatedly held that a defendant's claim his or her sentence constitutes a cruel and unusual punishment cannot be raised for the first time on appeal because these three factors involve both legal and factual inquiries the district court must determine. *State v. Garza*, 290 Kan. 1021, 1033, 236 P.3d 501 (2010). In fact, this precise preservation issue has been addressed in the context of a defendant's claim that his life sentence under Jessica's Law is a cruel and unusual punishment. See, *e.g.*, *State v. Levy*, 292 Kan. 379, 384-85, 253 P.3d 341 (2011); *State v. Trevino*, 290 Kan. 317, 320-22, 227 P.3d 951 (2010); *Ortega-Cadelan*, 287 Kan. at 161. And this court has similarly held that a defendant's claim his lifetime postrelease supervision is a cruel and unusual punishment cannot be raised for the first time on appeal. See, *e.g.*, *State v. Sellers*, 292 Kan. 117, 131-32, 253 P.3d 20 (2011); *State v. Oehlert*, 290 Kan. 189, 192-93, 224 P.3d 561 (2010).

In an attempt to overcome this procedural hurdle, Roberts urges this court to remand his case to the district court to make the required findings as it did in *State v. Seward*, 289 Kan. 715, 217 P.3d 443 (2009). But Roberts' case is not analogous because the defendant in *Seward* made several attempts to raise the cruel and unusual punishment argument to the district court by mentioning

it during plea negotiations, in his departure motion, and during his sentencing hearing. And in ordering remand, this court cautioned:

"We emphasize that we believe this case to be exceptional. In the future, a defendant who wishes to appeal on the basis of a constitutional challenge to a sentencing statute must ensure the findings and conclusions by the district judge are sufficient to support appellate argument, by filing of a motion invoking the judge's duty under Rule 165, if necessary." *Seward*, 289 Kan. at 721.

Consistent with this court's caselaw, Roberts' arguments that his sentence constitutes a cruel and unusual punishment cannot be raised for the first time on appeal, and we decline to remand the case to the district court to make those findings now in the absence of any effort below to raise this claim.

### FAILURE TO DEPART FROM THE LIFE SENTENCE

Roberts next argues that the district court abused its discretion by denying his departure motion. The State argues the district court properly reviewed Roberts' motion. We find the district court did not abuse its discretion.

Roberts attempts to characterize his claim as involving statutory interpretation in order to invoke a de novo standard of review. But there is no dispute about what the sentencing statute provides or how the district court is to apply it. Roberts simply argues the district court should have reached a different outcome. And under those circumstances, appellate courts review the denial of a sentencing departure motion for an abuse of discretion. See *State v. Marler*, 290 Kan. 119, 126, 223 P.3d 804 (2010).

Judicial discretion is abused if judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) based on an error of law, *i.e.*, the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, *i.e.*, substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Under K.S.A. 21-4643(d), the sentencing court "shall" impose a hard 25 sentence in a Jessica's Law case "unless the judge finds substantial and compelling reasons, following a review of mitigating

circumstances, to impose a departure." The statute includes a no-nexclusive list of factors the court may consider when determining whether to grant a departure, including whether the defendant has no significant criminal history; whether the victim was an accomplice and the defendant's participation was relatively minor; and whether the defendant's capacity to appreciate the criminality of his or her conduct or conform such conduct to the requirements of the law was substantially impaired. K.S.A. 21-4643(d)(1), (3) and (5).

Roberts argues his "diminished mental capacity and maturity," his lack of a prior criminal history, and the fact that the victim allegedly "made the initial advances and was a willing participant" comprise substantial and compelling reasons to grant the departure motion.

At sentencing, the district court considered Roberts' motion and the victim's mother's testimony. It acknowledged that Roberts has no criminal history, but it also found the 12-year-old victim and her family were harmed by Roberts' actions. It also found that any alleged role the victim played could have been easily addressed in a different manner given the disparity in age. This analysis demonstrates the district court complied with its duty to review both the mitigating and aggravating circumstances. See *State v. Ballard*, 289 Kan. 1000, 1009, 218 P.3d 432 (2009) (district court must review mitigating and aggravating circumstance and does not simply contrast total number of aggravating factors with mitigating factors).

The district court was not guided by an error of law. Its recitation of the facts supporting the aggravating and mitigating factors is supported by the record. And we cannot find that no reasonable person would have taken the trial court's view.

Affirmed.