NOT DESIGNATED FOR PUBLICATION

No. 115,162

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT LEE BURTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; RICHARD B. WALKER, judge. Opinion filed September 23, 2016. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before HILL, P.J., BUSER and LEBEN, JJ.

*Per Curiam*: Robert Lee Burton appeals the district court's order establishing lifetime postrelease supervision. We granted Burton's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State did not file a response.

Burton pleaded no contest to one count of aggravated sexual battery that he committed in 2007. The district court found that he had a criminal history score of A based on seven juvenile person felony convictions in 2002 and 2004, one juvenile person misdemeanor conviction in 2003, and one adult person felony conviction in 2008. The

1

court sentenced Burton to 136 months' imprisonment to be followed by 24 months' postrelease supervision.

The State moved to correct Burton's sentence by increasing the postrelease supervision period from 24 months to lifetime supervision. Under the law, after a conviction for aggravated sexual battery, lifetime postrelease supervision is mandatory. See K.S.A. 2015 Supp. 22-3717(d)(1)(G). Burton opposed the State's motion on constitutional grounds claiming that changing his sentence to lifetime postrelease supervision would constitute an ex post facto law and violate his equal protection and due process rights. The district court rejected Burton's argument and granted the State's motion. The court resentenced Burton to lifetime postrelease supervision.

To us, Burton makes two claims. First, Burton argues that his sentence of lifetime postrelease supervision under K.S.A. 2015 Supp. 22-3717(d)(1)(G) is unconstitutional. Next, he claims that the district court erred by increasing his sentence after giving him a criminal history score of A that was not charged in the complaint and proven to a jury beyond a reasonable doubt.

In the district court, Burton argued that lifetime postrelease supervision violated his equal protection and due process rights. On appeal, however, he appears to be arguing for the first time that it constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution or § 9 of the Kansas Constitution Bill of Rights by citing *State v. Naputi*, 293 Kan. 55, 67, 260 P.3d 86 (2011). A § 9 claim cannot be raised for the first time on appeal because it turns on the test articulated in *State v. Freeman*, 223 Kan. 362,  367, 574 P.2d 950 (1978), which requires factual inquiries. See *State v. Gomez*, 290 Kan. 858, 867-68, 235 P.3d 1203 (2010). Appellate courts do not make factual findings; they review the factual findings made by district courts. *State v. Thomas*, 288 Kan. 157, 161, 199 P.3d 1265 (2009). Therefore, to preserve a § 9 claim for appeal, the district court must have made sufficient factual findings on the record that this

2

court can rely on when determining whether lifetime postrelease supervision is unconstitutional. See *State v. Easterling*, 289 Kan. 470, 486, 213 P.3d 418 (2009); *Thomas*, 288 Kan. at 161. As Burton did not raise a claim of cruel and unusual punishment in the district court, we will not hear this issue for the first time on appeal.

We must also point out that the Kansas Supreme Court has repeatedly held that mandatory lifetime postrelease supervision of adult sex offenders does not categorically violate the Eighth Amendment to the United States Constitution. See *State v. Williams*, 298 Kan. 1075, 1090, 319 P.3d 528 (2014); *State v. Mossman*, 294 Kan. 901, 930, 281 P.3d 153 (2012); *State v. Cameron*, 294 Kan. 884, 898, 281 P.3d 143 (2012). With these rulings in mind, we reject Burton's claim.

Finally, if Burton still contends that lifetime postrelease supervision violates his due process and equal protection rights, as he did in the district court, the issue is not preserved for appeal. Although Burton mentioned the issue in the district court, he simply stated that changing his sentence to lifetime postrelease supervision violated his equal protection and due process rights. He provided no further explanation, argument, or authority in support of his claim. The district court made no findings of fact regarding Burton's assertion; it simply stated it was going to "follow the statute" and resentence him. This is insufficient to preserve the issue for appeal because there are no factual findings upon which this court can base its analysis. See *State v. Oehlert*, 290 Kan. 189, 192-93, 224 P.3d 561 (2010).

Next, Burton argues that the district court erred in increasing his sentence based on his criminal history that was not charged in the complaint and proven to a jury beyond a reasonable doubt. This claim fails on the merits. In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the Court expressly carved out an exception to its holding for prior convictions. As explained by the Kansas Supreme Court in *State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 (2002): "[T]he fact of a prior conviction is

a sentencing factor and not an element of the crime. Thus, the prior conviction need not be presented in the indictment and proven to a jury in order to be used by the court to increase the sentence imposed." We hold that the use of Burton's criminal history, including his juvenile adjudications, to calculate his presumptive guideline sentence does not violate his due process rights. See *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016). After all, in *State v. Fischer*, 288 Kan. 470, 475, 203 P.3d 1269 (2009), the court ruled that juvenile adjudications that were final on or before June 20, 2008, may be included in criminal history scoring under *Apprendi'*s prior conviction exception.

Affirmed.