NOT DESIGNATED FOR PUBLICATION

No. 122,516

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

CHRISTOPHER ROSS KERN,
*Appellant.*


MEMORANDUM OPINION


Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed April 16, 2021. Appeal dismissed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Daryl E. Hawkins*, assistant county attorney, *Andrea Purvis*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., POWELL and CLINE, JJ.


PER CURIAM: Pursuant to a plea agreement, Christopher Ross Kern pled guilty to aggravated indecent liberties with a child and rape of a child under 14 years of age. The district court denied Kern's durational departure motion and sentenced him to life imprisonment with a mandatory minimum sentence of 25 years for the aggravated indecent liberties conviction and a consecutive sentence of 155 months' imprisonment for the rape conviction. Kern appeals, claiming the district court abused its discretion by denying his departure motion and asserting a constitutional challenge that his sentence is cruel and unusual. Because we find that Kern waived his right to appeal the denial of his

1

departure motion and did not preserve his constitutional challenge below, we dismiss Kern's appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 6, 2019, and as part of a plea agreement with the State, Kern pled guilty to one count of aggravated indecent liberties with a child and one count of rape of a child under the age of 14. As part of his plea agreement, Kern waived his right to appeal.

Prior to sentencing, Kern filed a downward durational departure motion from his presumptive off-grid sentence for his aggravated indecent liberties with a child conviction. Kern argued his sentence warranted a durational departure because he took responsibility for his crimes, he had heart and other medical conditions, and it would reduce the burden on Kansas taxpayers. The State opposed Kern's motion.

At the sentencing hearing, the district court denied Kern's departure motion, explaining it did not find Kern's reasons substantial and compelling reasons to depart. The district court sentenced Kern to life imprisonment with a mandatory minimum of 25 years and lifetime electronic monitoring supervision for aggravated indecent liberties with a child. The district court then sentenced Kern to a consecutive term of 155 months' imprisonment for rape of a child under 14 years of age.

Kern timely appeals.

I.      DID THE DISTRICT COURT ABUSE ITS DISCRETION BY DENYING KERN'S DOWNWARD DURATIONAL DEPARTURE MOTION?

Kern argues the district court abused its discretion when it denied his downward durational departure motion from his sentence for the aggravated indecent liberties with a child conviction. Kern does not challenge his rape sentence on appeal. Kern argues no reasonable person would deny his departure motion because he accepted responsibility for his crimes and had several serious medical conditions.

We review for abuse of discretion a district court's determination that mitigating circumstances were not substantial and compelling reasons to depart. *State v. Ortega-Cadelan*, 287 Kan. 157, 165, 194 P.3d 1195 (2008). A district court abuses its discretion when its decision is: (1) one no reasonable person would make; (2) based on an error of law; or (3) based on an error of fact. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Before addressing the merits of Kern's argument, the State raises two procedural hurdles to our consideration of his claims. First, the State argues Kern cannot appeal because he received a presumptive sentence. See K.S.A. 2020 Supp. 21-6820(c)(1). The problem with the State's argument is that our Supreme Court has already rejected it. In *Ortega-Cadelan*, the defendant was convicted of rape by having sexual intercourse with a child under the age of 14, an off-grid crime. See K.S.A. 21-3502(a)(2), (c). While recognizing that an appellate court lacks jurisdiction to review a presumptive sentence, the Kansas Supreme Court explained a presumptive sentence was a "'sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history.'" 287 Kan. at 163; see K.S.A. 2020 Supp. 21-6803(q). Our Supreme Court held the defendant's sentence was not a presumptive sentence because it was not issued from

3

the grid block; thus, there was appellate jurisdiction to review the sentence because it was an off-grid crime for the purposes of sentencing. 287 Kan. at 163-64.

Similarly, Kern was also convicted of an off-grid crime and received an off-grid sentence for that crime. Because Kern's sentence for aggravated indecent liberties with a child does not meet the definition of a presumptive sentence, we have jurisdiction to entertain Kern's appeal.

Second, the State argues Kern waived his right to appeal in his plea agreement. The plea agreement contained a waiver of Kern's right to appeal and explained the limited situations where Kern could appeal:

> "I understand that despite my plea of guilty or nolo contendere (no contest), I retain a limited right to appeal the sentence which may be imposed. If the sentence imposed is the presumptive sentence, the appellate court will only have jurisdiction to hear appeals based on the accuracy of my criminal history score and the accuracy of the crime severity level determination. If the sentence imposed is not the presumptive sentence, claims of partiality, prejudice, oppression or corrupt motive may be the basis of an appeal. I also understand that if the sentence imposed is that agreed to in the plea agreement, the appellate court will not review my sentence."

In some circumstances, a defendant who enters a plea of guilty may still challenge the imposed sentence. But a defendant's knowing and voluntary waiver of the statutory right to appeal is generally enforceable. *State v. Patton*, 287 Kan. 200, 226, 195 P.3d 753 (2008). If a plea agreement with an appeal waiver is ambiguous, it must be strictly construed in favor of the defendant to allow an appeal. *State v. Shull*, 52 Kan. App. 2d 981, 988, 381 P.3d 499 (2016).

Here, the plea agreement is not ambiguous except perhaps as it pertains to Kern receiving a presumptive sentence. As discussed earlier, Kern's sentence does not meet the

statutory definition of a presumptive sentence. However, he did receive the expected sentence for his crime—a hard 25 life sentence. More importantly, the plea agreement is not ambiguous as it pertains to what issues Kern may appeal—both for a presumptive sentence and for a nonpresumptive sentence. In either situation, Kern waived his right to appeal the denial of his departure sentence. For a presumptive sentence, Kern could only appeal the accuracy of his criminal history score and the accuracy of the crime severity level determination. For a nonpresumptive sentence, Kern could appeal on the grounds of partiality, prejudice, oppression, or corrupt motive. Kern's argument is simply that the district court abused its discretion by denying his departure motion. As Kern's argument does not fit into any of the limited exceptions contained in his appeal waiver, Kern has waived his right to appeal the denial of his departure motion.

II.    IS KERN'S LIFETIME PRISON SENTENCE CRUEL AND UNUSUAL PUNISHMENT?

Kern also argues his hard 25 life sentence for aggravated indecent liberties with a child constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Kern acknowledges *State v. Woodard*, 294 Kan. 717, 280 P.3d 203 (2012), forecloses his argument but seeks to preserve the issue for federal review. The State argues Kern cannot raise this issue for the first time on appeal. Alternatively, the State argues a Jessica's Law life sentence is constitutional.

A district court must make legal and factual inquiries to determine whether a sentence is cruel or unusual punishment, creating a bifurcated standard of review. We review the factual basis of the district court's findings for substantial competent evidence—without reweighing the evidence—and the ultimate legal conclusion drawn from those facts de novo. 294 Kan. at 720.

Kern asserts lifetime prison sentences for aggravated indecent liberties with a child constitute cruel and unusual punishment, seeking to preserve this issue for an

anticipated federal review. Citing to Kansas Supreme Court Rule 6.02(a)(5), the State asserts Kern's brief does not include a citation to the spot in the record where the issue was raised below and ruled on. See Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 35). The State goes on to argue that Kern's failure to raise this issue below results in its waiver. We agree.

A review of the record reveals Kern did not assert below that his hard 25 life sentence constituted cruel and unusual punishment in violation of the Eighth Amendment. A defendant cannot claim his or her sentence constitutes cruel and unusual punishment for the first time on appeal because that determination requires "both legal and factual inquiries the district court must determine." *State v. Roberts*, 293 Kan. 1093, 1096, 272 P.3d 24 (2012), *overruled on other grounds by State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015); *State v. Levy*, 292 Kan. 379, 384-85, 253 P.3d 341 (2011); *State v. Trevino*, 290 Kan. 317, 320-21, 227 P.3d 951 (2010); *Ortega-Cadelan*, 287 Kan. at 161. Because Kern did not raise the issue before the district court, he cannot raise it for the first time on appeal here.

But even if the issue were properly before us, Kern concedes the Kansas Supreme Court has already held hard 25 life sentences for aggravated indecent liberties with a child do not violate the Eighth Amendment and "are not grossly disproportionate to the crimes." *Woodard*, 294 Kan. at 722. We are duty-bound to follow Kansas Supreme Court precedent. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017).

Appeal dismissed.