NOT DESIGNATED FOR PUBLICATION

No. 125,649

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER W. LEWIS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed May 10, 2024. Vacated in part, dismissed in part, and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., MALONE and WARNER, JJ.


PER CURIAM: Tyler W. Lewis appeals the district court's imposition of attorney fees on the ground that the district court failed to comply with K.S.A. 22-4513(b). For reasons explained below, we vacate the court's imposition of these fees and remand with instructions that the district court make findings on the record in accordance with the rule in *State v. Robinson*, 281 Kan. 538, 546, 132 P.3d 934 (2006).

1

Lewis also challenges the constitutionality of the Kansas Offender Registration Act (KORA) but because he failed to preserve this issue by presenting it to the district court, we decline to address it and dismiss this part of his appeal.

FACTUAL AND PROCEDURAL HISTORY

Lewis pleaded no contest to several felony charges, the details of which are immaterial to this appeal. At the time of his no-contest plea, Lewis signed a notice of his duty to register under KORA for his aggravated kidnapping conviction.

At sentencing, the district court found that the Board of Indigents' Defense Services (BIDS) guideline for attorney fees was $2,300 and it heard argument on whether those fees should be waived. After hearing arguments, the district court imposed the BIDS attorney fees and sentenced Lewis to 184 months in prison.

Lewis timely appealed.

ANALYSIS

I.    THE DISTRICT COURT FAILED TO COMPLY WITH K.S.A. 22-4513(b) BEFORE IMPOSING ATTORNEY FEES

Lewis claims that the district court failed to satisfy K.S.A. 22-4513(b) by not making adequate findings on the record about his financial resources or the burden of repayment before imposing the $2,300 BIDS attorney fees. This court has unlimited review over whether a district court complied with statutes governing the assessment of attorney fees. The amount of attorney fees imposed is reviewed for an abuse of discretion. *State v. Buck-Schrag*, 312 Kan. 540, 555, 477 P.3d 1013 (2020).

2

K.S.A. 22-4513 provides in pertinent part:

"(a) If the defendant is convicted, all expenditures made by the state board of indigents' defense services to provide counsel and other defense services to such defendant or the amount allowed by the board of indigents' defense reimbursement tables as provided in K.S.A. 22-4522, and amendments thereto, whichever is less, shall be taxed against the defendant and shall be enforced as judgments for payment of money in civil cases.

"(b) In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose. A defendant who has been required to pay such sum and who is not willfully in default in the payment thereof may at any time petition the court which sentenced the defendant to waive payment of such sum or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may waive payment of all or part of the amount due or modify the method of payment."

In *Robinson*, 281 Kan. at 546, the Kansas Supreme Court found that K.S.A. 22-4513 required the following:

"[T]he sentencing court, at the time of initial assessment, must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision. Without an adequate record on these points, meaningful appellate review of whether the court abused its discretion in setting the amount and method of payment of the fees would be impossible."

Lewis argues that the district court did not comply with K.S.A. 22-4513 by failing to explicitly state on the record how his financial situation and the fees' burden weighed on its decision.

Here, the district court made these findings from the bench:

> "THE COURT: On attorney fees, it appears to me that Mr. Lewis is likely going to be able to work, whether that's in custody or out of custody. The joint-agreed recommended sentence, if I impose that and impose all of the attorneys fees, would work out to about $4.40 a week over the—just the remaining part of the jointly-agreed recommended sentence, and the defendant will have the ability to work, if he chooses, depending on his classification level if he's in custody. I know how much time went into this. We had multiple attorneys that represented Mr. Lewis, and $2,300 in attorneys fees is significantly less than any private attorney would take this case for. So I will impose the $2,300 in attorneys fees, along with the BIDS fee of $100."

The district court focused heavily on Lewis' ability to work. But the State concedes that consideration of a defendant's ability to work is not enough to satisfy the rule in *Robinson*. See *State v. Wade*, 295 Kan. 916, 927-28, 287 P.3d 237 (2012).

In the *Wade* case, the district court found that Wade was employable and worked while out of prison. The *Wade* court acknowledged the district court's findings on Wade's work potential but found that "[the district court] did not ascertain [Wade's] financial resources or the burden such reimbursement would cause him." 295 Kan. at 927. In other words, under *Wade*, a defendant's potential to work does not reflect their current financial resources or the burden of repayment. Such a finding supports neither requirement. 295 Kan. at 927. Thus, we must analyze Lewis' case for whether the district court made some other explicit finding on the record beyond Lewis' work potential.

The State claims that the district made other sufficient findings. It calculated the $4.40 per week figure and found that Lewis could work both in and out of custody. The State further argues that the district court was involved in the case for years and thus was aware of the work that went into the case.

4

In support, the State cites to *Buck-Schrag* to illustrate its similar facts. In *Buck-Schrag*, the district court made these findings on attorney fees:

> "'The Court is aware that Mr. Buck-Schrag is able-bodied. The Court believes that he will be employable and employed and given a job within the prison system. And the amount of $243 per year, that was described, that even the higher amount suggested by the State is an amount that is reasonable recognizing resources, recognizing burden.'" 312 Kan. at 555.

The Kansas Supreme Court found that the above satisfied the rule in *Robinson* because the district court stated on the record that even a greater fee would have been reasonable based on Buck-Schrag's resources and the repayment burden. 312 Kan. at 556. Consistent with its prior decision in *Wade*, the *Buck-Shrang* court did not address the district court's findings on Buck-Schrag's ability to work. 312 Kan. at 555.

But here, the district court made even fewer relevant findings than in *Buck-Schrag*. Beyond its findings on Lewis' ability to work that are insufficient under *Wade*, the district court's *explicit* findings were limited to a calculation of the fee's weekly cost and comments that a private attorney would have cost more given the amount of work performed. It is worth acknowledging there could be an implication that the fee is reasonable because of these findings. For example, $4.40 per week is generally not a lot of money. That allows some implication that the fee is reasonable. But that implication does not satisfy the rule in *Robinson* that requires *explicit*, not implicit, findings on the record. Nowhere in this record did the district court explicitly say, as in *Buck-Schrag*, that it found the $2,300 or $4.40 per week values to be reasonable based on Lewis' resources and the burden of payment. At best, it implied that the fee was reasonable based only on the fact that Lewis had work potential—an insufficient analysis under *Wade*. See 295 Kan. at 927-28.

5

Even if the reference to the $4.40 weekly payment sufficiently implies a low burden of repayment, there is still no adequate finding in the record of Lewis' financial situation and how that weighed on the decision. See *State v. Anderson*, 318 Kan. 425, 444, 543 P.3d 1120 (2024) (vacating and remanding a similar issue on the ground that the district court made findings on the record for one, but not both, financial resources and the burden of repayment). And even if $2,300 is cheaper than a private attorney fee and even if Lewis' counsels rendered significant assistance over the course of this case, that does satisfy the requirement that the district court show explicitly on the record that the attorney fee is reasonable based on financial resources and the burden of repayment as in *Buck-Schrag*. 312 Kan. at 556. Indeed, a discounted fee may still be highly burdensome.

Similarly, the fact that the district court heard argument on Lewis' financial situation does not mean that it made a finding on the record about what it heard. See *State v. Logan*, No. 116,837, 2018 WL 671909, at *10 (Kan. App. 2018) (unpublished opinion) (where merely hearing evidence of a defendant's circumstances was not a finding in satisfaction of *Robinson*).

In sum, the district court's findings on the record support no more than an implication that the attorney fee was reasonable but without any express reference to Lewis' financial resources or the burden of repayment. These findings do not satisfy the rule in *Robinson* or mirror the facts in *Buck-Schrag*. Accordingly, we must vacate the BIDS attorney fee assessment and remand to district court with instructions to first consider on the record Lewis' financial resources and the burden of repayment in compliance with the *Robinson* holding.

II.   LEWIS FAILS TO PRESERVE ANY ARGUMENT RELATED TO THE
      CONSTITUTIONALITY OF KORA

Lewis claims that his KORA registration requirements violate the First and Fourteenth Amendments to the United States Constitution. Lewis claims that his speech was compelled by the requirement to provide identifying information to the registry and again by the publication of that information. He also asserts that allowing some offenders to exit the registry, but not others, is an equal protection violation. Lewis concedes that he did not preserve this issue below, but he argues that various preservation exceptions apply.

An appellate court reviews de novo whether an issue has been preserved. *State v. Campbell*, 308 Kan. 763, 770, 423 P.3d 539 (2018). Generally, constitutional issues may not be raised for the first time on appeal. *State v. Oehlert*, 290 Kan. 189, 191, 224 P.3d 561 (2010).

> "However, this court has recognized three exceptions to the general rule: '(1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court is right for the wrong reasons.'" 290 Kan. at 191.

The reviewing court may exercise its discretion to apply these exceptions or to decline review. See *State v. Keys*, 315 Kan. 690, 697, 510 P.3d 706 (2022).

We join with many panels of this court that have declined to review similar claims and incorporate their rationale. See *State v. Spilman*, 63 Kan. App. 2d 550, 575, 534 P.3d 583 (2023) (finding that to resolve a compelled speech and equal protection claims requires an established record for this court to review and listing other cases that have declined to review similar First Amendment and equal protection claims).

As in *Spilman* and the cases it lists, no record about this claim was established in the district court. While Lewis acknowledges that the decision to review is ultimately a prudential one, he does not attempt to address this court's prior logic of declining review in holdings like in *Spilman*. He does not show any reason why this court should depart from its prior position and grant review. Instead, he concludes without citation that "[f]ailing to reach the merits of this issue would be imprudent." This conclusion is unpersuasive and without support. Because the claim is unpreserved, because this issue demands record making not present here, and because Lewis does not provide any argument for why this court should change its position on the matter, we decline review and dismiss this part of the appeal.

The BIDS attorney fee assessment is vacated, and we remand to the district court with instructions to consider on the record Lewis' financial resources and the burden of repayment in compliance with the *Robinson* holding.

Vacated in part, dismissed in part, and remanded with directions.